UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
              :
HERMELINDO ESCOBAR MONTIEL *et al.*,   :
              :     17 Civ. 5550 (PAE)
         Plaintiffs,    :
              :         ORDER
      -v-             :
              :
SHAMROCK SALOON II, LLC, d/b/a Calico Jack's  :
Cantina, SHAMROCK SALOON I, LLC, d/b/a    :
McFadden's, and JOHN SULLIVAN,     :
              :
         Defendants.  :
              X
------------------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On May 2, 2022, the Court held a final pretrial conference in this case. Notice of this conference had been given on the docket of this case. *See* Dkt. 129. Plaintiffs' counsel appeared but counsel for defendants did not.

At the conference, plaintiffs' counsel represented with detailed examples that defense counsel has failed meaningfully to participate in this case recently, including failing to confer about proposed *voir dire* questions and requests to charge. The Court had directed the parties to submit such materials, *id.*, and plaintiffs did so, Dkts. 130–131, but defendants did not.

The Court accordingly invited plaintiffs' counsel to orally move for entry of a default judgment as to liability in favor of the three plaintiffs against the two remaining defendants—Shamrock Saloon I, LLC (d/b/a McFadden's) ("Shamrock I") and John Sullivan.[1] Plaintiffs' counsel did so. The Court accordingly gives defendants until the close of business on **Wednesday, May 4, 2022**, to file on the docket of this case (1) a declaration explaining why

---

[1] A consent judgment has been entered in plaintiffs' favor as to the third defendant: Shamrock Saloon II, LLC (d/b/a Calico Jack's Cantina) ("Shamrock II"). Dkts. 124, 127.

default judgment is not warranted, including explaining defense counsel's failure to appear at the May 2, 2022 final pretrial conference or to make the required pretrial submissions; and (2) the defense's proposed *voir dire* questions and requests to charge. Should defense counsel fail to comply with this order, the Court expects to grant default judgment as to liability against the defendants, based on defendants' abandonment of this case, and to refer the case to the assigned Magistrate Judge for an inquest into damages against all defendants.[2]

SO ORDERED.

                                                    *Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 2, 2022
       New York, New York

---

[2] The Court noted, however, that the present record leaves unclear plaintiffs' factual basis for contending that they were employees of—in addition to Shamrock II—Shamrock I, which was housed in the same location. To assure an adequate factual basis on which to find employee status on the part of the two defendants against whom open claims remain, the Court directed plaintiffs' counsel, by the close of business on Wednesday, May 4, 2022, to file a sworn declaration on the docket of the case setting out the admissible evidence, with specificity as to each plaintiff, supporting that that plaintiff was an employee of Shamrock I and Sullivan during the relevant period.